UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DESMOND WITHERSPOON, | |
| Plaintiff, | Civil Action No. 14-6821 (SRC) |
| v. | |
| KHAN and PARTNER LEBRON, | OPINION |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court on the application filed by Plaintiff Desmond Witherspoon ("Plaintiff" or "Witherspoon") to proceed in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915.  However, having thoroughly reviewed Plaintiff's pleading, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At the outset, the Court notes that because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even so, under 28 U.S.C. § 1915, which governs proceedings filed in forma pauperis, the Court must examine the merits of the claims asserted and dismiss a case if it determines that the action cannot or should not proceed.  The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A) the allegation of poverty is untrue; or

2

      (B) the action or appeal –

          (i)      is frivolous or malicious;

          (ii)     fails to state a claim on which relief may be granted; or

          (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

      The one-page Complaint sets forth the following allegation: "At apox [sic] 11:41P.M. Tuesday Oct. 28th in Jersey City two officers approached me in a degrading manner as well as Publicly humiliating me." No other facts are pled. To the extent Plaintiff may be attempting to seek relief under 42 U.S.C. § 1983 for a violation of his Fourth Amendment protections, his claim must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      The applicable standard of review for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court cannot draw such an inference from the Complaint filed by Witherspoon.

For these reasons, the Court will permit Plaintiff's Complaint to be filed without prepayment of the filing fee but will simultaneously order it to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  An appropriate Order will be filed.


      s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: November 6, 2014

3